David A. Owens, Esq. SB#: 220067
3443 Camino Del Rio S., Ste. 106
San Diego, CA 92108

Telephone: (619) 234-8460
Facsimile: (619) 234-8812

Attorney for Plaintiff(s)
28404

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**11/27/2019** at 11:56:57 AM

Clerk of the Superior Court
By Jose Hernandez, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN DIEGO
## CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER LOTT, CHRISTOPHER K. LOTT SEPARATE PROPERTY TRUST 1/8/2001,<br><br>Plaintiff,<br><br>vs.<br><br>JEFF MILLER; AILEEN PARAOAN; DOES I-X,<br><br>Defendants. | CASE NO. 37-2019-00063748-CL-UD-CTL<br><br>**COMPLAINT FOR UNLAWFUL DETAINER**<br><br>IMAGED FILE<br><br>Limited Jurisdiction Case<br><br>Demand: ≯ $10,000 |

**Demand of Complaint:** $16,000.00

**Property Address:** **3565 HERMAN AVENUE AND DETACHED GARAGE**
**SAN DIEGO, CA 92104**

Plaintiff alleges:

1. The Central Division of the San Diego County Superior Court is the proper venue for the trial of this action because Defendants reside in this judicial district and the property which is the subject of this action is located it in this jurisdiction.

2. Plaintiff is unaware of the true names of Defendants designated as "DOES I-X"; however, Plaintiff is informed and believes and thereon alleges that sometime after the commencement of the tenancy referenced herein, and without Plaintiff's knowledge, such Defendants went into possession of the premises described below.

3. Plaintiff, in its capacity as trustee, is the legal owner entitled to possession of the

-1-

**COMPLAINT FOR UNLAWFUL DETAINER**
LOTT vs. MILLER

premises located at 3565 HERMAN AVENUE AND DETACHED GARAGE, SAN DIEGO, California 92104 (the "Premises").

4. On or about July 1, 2019, Plaintiff and Defendants entered into a written lease (the "Lease") of the Premises with a monthly base rent of $3,200.00, payable, in advance, on the first day of each month of the Lease term.

5. Pursuant to the terms of the Lease, Defendants assumed possession of the Premises and continuously have been, and now are, in possession of the Premises.

6. There have been no changes or modifications to the Lease.

7. There is now due, owing and unpaid as rent for the Premises, the sum of $16,000.00, which is the balance of rent due for the period July 1, 2019, to December 1, 2019.

8. On November 8, 2019, Defendants were served, in full compliance with the law, with a written notice (the "Notice") stating the amount of rent then due, owing and unpaid. The notice was served by both posting a copy and mailing a copy to each defendant at the residents' address because no defendant or person of suitable age or discretion could be found there. This notice required Defendants to either pay such amount or vacate the Premises within ten days after service of the Notice. The Notice also stated Plaintiff's election to declare a forfeiture of the tenancy.

A true and correct copy of the Notice is attached as "Exhibit 2" and made a part of this complaint.

9. More than ten days have elapsed since service of the Notice and Defendants failed to pay the amount due or vacate the Premises.

10. Defendants remain in possession of the Premises without Plaintiff's consent and contrary to the provisions of the Lease.

11. The reasonable rental value of the Premises is the sum of $106.67 per day (1/30th of the monthly rent of $3,200.00) and damages to Plaintiff caused by Defendants' unlawful detention of the Premises shall accrue at that rate from November 25, 2019, and for each day thereafter that Defendants unlawfully remain in possession of the Premises.

///

**COMPLAINT FOR UNLAWFUL DETAINER**
LOTT vs. MILLER

**WHEREFORE**, Plaintiff prays judgment against Defendants as follows:

1. Possession and restitution of the Premises;
2. Forfeiture of the Lease under which Defendants hold possession of the Premises;
3. For unpaid base rent from July 1, 2019, to November 25, 2019;
4. For damages at the rate of $106.67 per day from November 25, 2019, and for each day thereafter that Defendants unlawfully remain in possession of the Premises;
5. For costs of suit; and,
6. For such other relief as the Court deems just and proper.

Plaintiff waives all damages in excess of the jurisdiction of this Court.

Dated: Tuesday, November 26, 2019

By_____
David A. Owens, Esq.
Attorney for Plaintiff