# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LOTT,<br><br>                Plaintiff,<br><br>   v.<br><br>JEFF MILLER, *et al.*,<br><br>                Defendants. | Case No. 20-cv-147-BAS-AGS<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

On January 22, 2020, Defendant Jeff Miller removed this matter to federal court pursuant to 28 U.S.C. § 1441(a) based on federal question jurisdiction under 28 U.S.C. § 1331. (ECF No. 1, Notice of Removal ("Removal") ¶¶ 1, 3.)

Courts address the issue of subject matter jurisdiction first, as "[t]he requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies

1

outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*.

It is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984); *see also Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 593 (2004) ("[D]istrict courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'").

The case removed here is a residential unlawful detainer action. (Removal, Ex. A.) The action arises exclusively under California state law. Nonetheless, Defendant argues that federal question exists because Plaintiff allegedly did not comply with the "Protecting Tenants at Foreclosure Act of 2009" ("PFTA") and did not "state a cause of action under the PTFA" but should have done so. (*Id.* ¶ 7.)

Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470,

475 (1998) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). A federal defense "is not part of a plaintiff's properly pleaded statement of his or her claim." *Id.* (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, (1987)). As such, a case may not be removed to federal court based on a federal defense "even if the defense is anticipated in the plaintiff's complaint." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 14 (1983); *see also Rivet*, 522 U.S. at 475.

The Court is not convinced that federal question jurisdiction exists under 28 U.S.C. § 1331. Plaintiff's Complaint does not raise a federal issue; rather, Defendant argues Plaintiff "was required to state a cause of action under the PTFA" and "attempts to state a cause of action" under the PTFA. (Removal ¶¶ 7, 10.) Even if this was so, the plaintiff is "the master of his complaint" and may "avoid federal jurisdiction by relying exclusively on state law." *Balcorta v. Twentieth Century–Fox Film Corp.,* 208 F.3d 1102, 1106 (9th Cir.2000). The PTFA, nor any other federal statute, is part of Plaintiff's Complaint. As such, this Court lacks federal question jurisdiction under the well-pleaded complaint rule. *See Deutsche Bank Nat'l Tr. Co. v. Forteza*, No. CV 12-1561 CAS (EX), 2012 WL 12897033, at *1 (C.D. Cal. Mar. 9, 2012) ("A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail.") (citing *McAtee v. Capital One, F.S.B.*, 479 F.3d 1143, 1145 (9th Cir. 2007)). Defendant can raise the PFTA as a defense to the state court action, but he cannot rely on it to remove this action to this Court.

/ / /

Accordingly, Defendant has failed to meet his burden of establishing this Court's jurisdiction under 28 U.S.C. § 1331. He does not allege any other basis for jurisdiction in the Notice of Removal. Thus, the Court **REMANDS** this action to the San Diego Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**IT IS SO ORDERED.**

DATED: January 23, 2020

Hon. Cynthia Bashant
United States District Judge